|    |     |
|----|-----|
| 4  | 661 |
| 12 | 366 |
| 13 | 513 |

[No. 425. Decided August 12, 1892.]

THE STATE OF WASHINGTON, *on the Relation of Charles F. Bailey, Respondent*, v. L. D. SMITH, *Appellant*.

SCHOOL DISTRICTS—ELECTION—ESTOPPEL TO RELY ON IRREGULARITIES—
CLERK OF DISTRICT—TERM OF OFFICE.

Where the notice of election, published by the clerk of a school district, notified the electors that the polls would be open until 7 P. M., instead of until 8 P. M., as the statute required, the clerk, being himself a candidate for re-election, cannot take advantage of his own error and urge the illegality of the election.

The successful candidate in the election having received 650 votes as against 280 for the defeated candidate, the latter must allege and

prove; in order to overthrow the election, that, had the polls been kept open until 8 P. M., the result would have been different.

Under § 18 of the act of March 7, 1891 (Laws 1891, p. 255), amending § 54, Laws 1889–90, p. 375, the terms of existing clerks of school districts were shortened by two months.

*Appeal from Superior Court, Jefferson County.*

*Johnson & Moody,* for appellant.

*Tyler, Hays & Tyler,* for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent was the clerk of school district No. 1 of Jefferson county, which included the city of Port Townsend, and prior to the annual election of 1891, pursuant to § 55 of the general school law of 1890, he published an election notice, in which he notified the electors of the district that the polls would be open from 12 M. to 7 o'clock P. M.   The last proviso of § 55 required that in cities and incorporated towns the polls should be open not later than 1 o'clock P. M., and closed not earlier than 8 P. M.   The polls did actually close at 7 o'clock, at which time the vote stood 650 in favor of appellant and 280 in favor of the respondent, who was a candidate for re-election.

It may be conceded that the requirement of a statute that the polls should not close earlier than 8 o'clock, is mandatory, and it may be conceded, also, that it was the duty of the election officers to disregard the notice and keep the polls open until the later hour; but, in our judgment, such a concession should not be made to the respondent, since he himself is charged by the statute with the duty of specifying in his notice the hours between which the polls are to be kept open, and the election officers at such election are far more likely to be governed in their actions by the wording of the notice than by an inspection of the law.   Moreover, the electors would also be likely to

be misled, and such of them as did not succeed in reaching the polls before 7 o'clock would probably not resort to the statute to ascertain the hour of closing, when the notice published for their information contained such an error.

Another reason for denying to the respondent any benefit of this mistake is, that his information contains no allegation that, had the polls been kept open an hour longer he would have been in any wise benefited by it. In all such cases there must appear some substantial reason why courts should interfere to overthrow an election, in the absence of any allegation of fraud, to the effect that, had there been a larger number of votes cast, the result would have been different.

The second point grows out of the amendment of § 54 of the act of 1890, by § 18 of the act of March 7, 1891 The original section required general school elections to be hel don the first Saturday of November, and by § 33 the district clerk was given an official tenure of one year, and until his successor should be elected and qualified. Sec. 25 prescribed the directors should take office immediately after qualifying, and although no particular time is prescribed at which clerks are to take their offices, we think the sense of the act is that they also shall take office immediately upon their qualification. The effect of the amendment of 1891 was, in our opinion, to shorten the terms of existing clerks by two months.

The court below, upon an information in the nature of *quo warranto,* found the contrary of these propositions, and, although the respondent had surrendered his office, reinstated him therein, the effect of which was to continue the respondent in office not only until the end of his one year term, but also indefinitely thereafter. The result is, judgment appealed from must be reversed, and a new judgment entered for the appellant.

ANDERS, C. J., and HOYT, SCOTT and DUNBAR, JJ., concur.